# HURDLE

## *v.*

# THE WASHINGTON AND GEORGETOWN RAILROAD CO.

---

STREET RAILWAYS; NEGLIGENCE; UNLAWFUL RATE OF SPEED.

Where in a personal injury case the plaintiff's testimony showed that he attempted to cross a street between two street cars coming from opposite directions and in front of each, when one was so near that he barely evaded it and the other, moving rapidly, was so near that ordinary prudence should have impelled him to let it pass, it was *held* that the trial court properly directed a verdict. for the defendant on the ground of plaintiff's own negligence, and it was immaterial that the car which caused the injury was moving at an unlawful rate of speed, and possibly the driver was otherwise negligent.

No. 474. Submitted January 9, 1896. Decided February 12, 1896.

HEARING on an appeal by the plaintiff from a judgment on a verdict directed by the court in an action to recover damages for personal injuries. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. James F. Smith* and *Mr. J. J. Darlington* for the appellant:

Speed in violation of positive law, if not negligence *per se*, at least should be submitted to the jury, as circumstance from which negligence may be inferred. *Railroad Co.* v. *Ives*, 144 U. S. 410; *Railroad Co.* v. *Sternberg*, 17 Mich. 99; *Langhoff* v. *Railroad Co.*, 19 Wis. 515; *Jetter* v. *Railroad Co.*, 41 N. Y. 2; *Massolt* v. *Canal Co.*, 64 N. Y. 528; *Railway Co.* v. *McDonald*, 43 Md. 535; *Railroad Co.* v. *Miller*, 29 Md. 252; *Railroad Co.* v. *Hanks*, 91 Ill. 406; *Carroll* v. *Railroad Co.*, 38 Iowa, 120; *Thurber* v. *Railroad Co.*, 60 N. Y.; *Bolton* v. *Baxter*, 58 N. Y. 411.

Instances in which non-suits have been sustained by reason of contributory negligence have been exceptional cases in which the court has held that such negligence was conclusively established. *Massolt* v. *Del. & H. Canal Co.*, 64 N. Y. 528.

The plaintiff had a right to assume that the defendant's agent would obey the law. 38 Ohio, 632; 13 A. and E. Railroad Cases, 643.

The rule as to the degree of care required by persons about to cross the tracks of a steam railroad does not apply to a person about to cross a city street which is used for a horse railroad. *Brown* v. *Railroad Co.*, 56 N. Y. 356.

*Mr. Enoch Totten*, *Mr. J. S. Flannery* and *Mr. W. D. Davidge* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

The appellant, Theodore Hurdle, instituted suit at common law in the Supreme Court of the District of Columbia, to recover damages for personal injuries sustained by him in a collision with one of the cars of the appellee, the Washington and Georgetown Railroad Company. At the trial in the court below the case was taken from the jury, who were directed, at the conclusion of the plaintiff's testi-

mony and without any testimony having been adduced on
the part of the defendant, to return their verdict for the de-
fendant.    The question of law in the case, therefore, is
whether there was sufficient testimony on the part of the
plaintiff to entitle him to go to the jury.    The trial court
held that, under his own testimony, the accident which be-
fell the plaintiff was due entirely to his own negligence,
and that he was not entitled to recover anything from the
defendant.    He has appealed from the decision ; and it be-
comes incumbent on us, therefore, to review the testimony
as it appears in the record, in order to determine whether,
as matter of law, he had made a *prima facie* case for the
jury.

The testimony is to the effect that, about 8 o'clock in the
evening of February 21, 1890, he was on the east side of
Fourteenth street, in the city of Washington, about the in-
tersection of that street with P street, and started to cross
Fourteenth street to the west side about on the south line
of P street ; that, when he had gone about eight or ten
feet from the curb he looked up and down the street, and
saw two cars approaching, one from each direction ; that
the north bound car, moving on the eastern track, was the
nearer of the two ; that the other car, the one coming south,
was about twenty feet north of the north line of P street,
that is, about 110 feet away ; that this south bound car was
coming down the street with great noise of the horses'
hoofs and at a great rate of speed, estimated by some of
the witnesses to be about ten or twelve miles an hour, when
the speed prescribed by the police regulations of the Dis-
trict of Columbia was at the rate of from five to eight miles
an hour ; that the plaintiff, however, did not notice the
speed of this car ; that his attention was fixed on the north
bound car, which he thought would reach the line of P
street first, and he paid no attention to the south bound car
after his first observation of it ; that he was walking at
about his usual gait, directing his course southwestwardly,
and had calculated that he had ample time to cross the

tracks before either car could come ; that he passed directly in front of the north bound car, and when he was about to step on the east side of the western track, he heard some one cry out, and he threw his head up, and as he did so, he was struck by one of the horses of the south bound car, knocked down and injured ; and that he then lost consciousness.    When he recovered consciousness, he found himself in a store at the southwest corner of Fourteenth and P streets, with a doctor dressing his leg, which next day had to be amputated.    The car was stopped within a few feet after it had passed over the plaintiff, and about twenty or twenty-five feet south of the south line of P street.

Upon cross-examination, the plaintiff testified that he was alone that evening ; that the gas lamps were burning ; that he was familiar with the locality of the accident, having worked there for two years, and having had occasion to cross the street frequently ; that his sight and hearing were good ; that when he started to cross, he saw the south bound car about twenty feet north of P street with the horses going at a trot ; that he walked under the horses, according to his own expression, and made a miscalculation.

There was also testimony to the effect that at the time the car struck Hurdle, the driver had his hand on the brake and his face turned to the east, talking to some one on his left ; and that the speed of the car was not slackened as it crossed P street.

This is the substance of all the testimony in the case ; and upon consideration of it, we cannot avoid the conclusion that the plaintiff's misfortune was the immediate result of his own carelessness, amounting almost to recklessness. It does not admit of any question that it was gross negligence on his part to take the risk of the danger to which he exposed himself.    He attempted to pass between two cars coming from oppoisite directions, and in front of each, when one of those cars was so near the line which he was

taking as that he barely evaded it, and the other, which he must necessarily have seen coming at the rapid rate of speed at which he and others testify that it was moving, was so near the intersection of the streets as that ordinary prudence would have dictated to let it pass, even if there had been no other car in sight, before he attempted to effect a crossing.

It is of no consequence here that the car which caused the injury, was moving at an unlawful rate of speed, and that possibly the driver was otherwise negligent. The unusual noise and speed of that car, which were noticed by all the other witnesses for the plaintiff, must have been equally palpable to himself, and only emphasize his own negligence.

The plaintiff obviously placed himself in a position of danger, without any excuse or just reason for so doing. He was not required to wait more than a moment for both cars to pass, when he could have crossed the street in entire safety. And it is inconceivable why he should have attempted to cross as he did, unless he acted in a spirit of recklessness or of gross carelessness scarcely less culpable.

We are compelled to *affirm the decision of the court below, with costs. And it is so ordered.*